IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-70-RLV
(5:00-cr-46-RLV-4)

| | |
|---|---|
| WILLIAM LARNELL ECKLES, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

## I. BACKGROUND

On November 6, 2000, Petitioner and three co-defendants were charged in a four-count Indictment with conspiring with each other and with others to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count One). Count Four charged Petitioner with using and carrying a firearm on September 15, 2000. (5:00-cr-46, Doc. No. 3). Petitioner pled not guilty. The Government dismissed Count Four before trial. On May 15, 2001, a jury found Petitioner guilty of Count One. (Id., Doc. No. 76).

On February 11, 2002, the Court sentenced Petitioner to 360 months imprisonment as to Count One. (Id., Doc. No. 161: Amended Judgment in a Criminal Case, at 1-2). On April 11, 2003, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United

1

States v. Waddell, 62 F. App'x 491 (4th Cir. 2003). On December 13, 2004, Petitioner filed a Motion to Vacate, Correct or Set Aside under 28 U.S.C. § 2255. (5:04-cv-199, Doc. No. 1). On February 3, 2005, the Court entered an Order dismissing Petitioner's Section 2255 Motion as untimely. (Id., Doc. No. 5). On September 1, 2005, the Fourth Circuit Court of Appeals denied Petitioner's Certificate of Appealability and dismissed the appeal. United States v. Eckles, 142 F. App'x 190 (4th Cir. 2005).

On June 13, 2012, Petitioner filed the instant Section 2255 Motion. (5:12-cv-70, Doc. No. 1). Petitioner contends that in DePierre v. United States, 131 S.Ct. 2225 (June 9, 2011), the Supreme Court of the United States created a new rule of law that is retroactively applicable on collateral review. (Doc. No. 1-1 at 3). Petitioner contends that his Section 2255 is timely because it was filed within one year of the date the Court filed its decision in DePierre.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The record shows that Petitioner filed his first Section 2255 Motion on December 13, 2004, and the Court dismissed the Motion as untimely on February 3, 2005. (5:04-cv-199, Doc. Nos. 1 and 5, respectively). Petitioner contends that the Supreme Court's decision in DePierre provides him with retroactive relief from his conviction and sentence. However, Petitioner's second Section 2255 Motion must fail for two reasons. First, there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v.

2

Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012). Second, Petitioner has not demonstrated to this Court that he has obtained the necessary authorization from the Fourth Circuit which could allow him to file this second Section 2255 Motion.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. No. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2012

Richard L. Voorhees
United States District Judge